Chief Justice Robertson
delivered the opinion of the Court.
Ewing sued Price in assumpsit, for work done by him as a carpenter on Price’s house; and having, on the general issue, obtained a verdict for !#44fi 50 cfs. in damages, the court set aside the verdict, and granted Price a new trial on his affidavit, that since the trial he had discovered new and important testimony.
On the next tiial the jorv rendered a verdict for Ewing for onh A50, in damage», tor which the circuit court gave judgment. To reverse this judgment, this writ of error is prosecuted by Ewing.
A party is competent,®! davit to facts for the prepa-¡ja^^r for'8 obtaining a new trial' He deed°or° ther writing, and thereby obtain right to introduce se-«ondary evi-“enoe‘
If (here be'any thing in an affidavit to obtain a new trial, dr in the circumstances attending; it, which induce distrust of its truth, •the court may •require cor-the affidavit of the party a{nne’ is 6“®-tain anew" trial, if it he contain^suffi? llega-
The only ground relied on for reversing the judg-went, is an alleged error in the opinion of the court, in awarding a new trial. Two objections are to the affidavit for a new trial. 1st, that in such a case, the affidavit of the party alone is insufficient; 2d, that the facts slated in the affidavit, if properly verified, are insufficient.
The first objection is obviously untenable. Although a party cannot testify in his own case, yet he is competent, “ex necessitate rei” to make affidavit to facts for the preparation of his case; or tor a rehearing of it, after a trial. lie may swear to the loss of a deed, or other writing, and thereby obtain the right to introduce secondary evidence. Other, and corroborating affidavits may bq offered, and sometimes may be properly required. But, frequently, facts known by the party, are unknown by any other person. In sucli cases the affidavit of the party, must be, not only competent, but sufficient.
_ t In this case, the witnesses, by whom Price expected to prove the new facts, might have been examined, on the application for a new trial. But their affidavits, without that of Price, could not have constituted any ground for sustaining the motion: they could, therefore, be only corroborative.
If there had been any thing in Price’s affidavit, or in the circumstances attendi g ir, which induced distrust of his veracity,oran inclination to hear other evidence, it would have been proper to require other affidavits. But it was not the duty of the court, to exact any thing more than the affidavit, if that were accredited, and contained sufficient allegations. The adversary might have invalidated Price’s statements, if they were untrue.
Tt woludseem, therefore, on principle, very clea!r, that the first objection cannot prevail: and this deduction of reason is well fortified, by practice and author-sty. Of the numerous cases on this point, one only will be cited, and that is Bratton vs. Bryant, I. Marshall, 213. This aloue is decisive.
The second objection is more formidable.
Price, in his affidavit, says, that, since the trial, “he bas ascertained the following facts:
Affidavit to obtain new trial, on the ground of the discovery of new testimony, should disclose, 1st. The names of the witnesses that have been discovered. 2d. That applicant had been diligent in preparing his case for trial.3d. That the new facts were discov ered after the trial, and will dth^ThaUhe evidence discovered, will tend to prove fads which were not directly in issue on the trial, or were not or investiga•ted by .proof,
Generally, a new tiial will oot be grant-becauseofthe discovery of cummliive sumstancss'1' relating to the same matter. which was principally controverted On former 4-rial*
“That be was seen to pay said Ewing a large slim of money, on account of said work, and which Ewing' failed to credit him; that Ewing has admitted to Bird Price and others, that he only claimed pay for the extra work done on the defendant’s house, amounting' to 40, 50, or $60; that he paid $30 more to Smith and Todd, than he proved on the former trial. This affiant further states, that when he went into'tr ial before, he did not know that he could prove the said facts, by said Price and others, but has ascertained since, that he can; and if he can obtain a new -trial, he will do so. He does not ask for a new trial for the-purpose of delay, but only to obtain a just decision of the suit.”
To entitle a party to a new trial, for the discovery of new testimony, the following facts should be shewn.
1st. The names of the witnesses who have been discovered.
^d. That the applicant had been vigilant in preparing his case for trial. Ewing vs. M‘Connel, I. Marshall, 188.
3d. That the new facts were discovered after the trial, and would be important, *
4th, That the evidence - discovered will tend to pr0ve fads, which were not directly in issue on the trial; or were not then known, nor investigated by proof.
a8a'ns*: the general rule, to grant a new trial., merely for the discovery of cumulative facts and cir-cumstanees, relating to the same matter, which was principally controverted on the former trial. It is the duty of the parties to come prepared upon the principal point; and new trials would be endless, if evcT additional circunv tance bearing on the fact in litigation, was a cause for a new trial.” Smith vs Brush, VIII. Johnson, 67.
Perhaps circumstances might concur to justify a new trial, on the discovery of testimony, relating to a matter which had been contested on the former trial. But as a general rub , such evidence will be insufficient. “In ordinary cases it does not furnish a suffi- *523 <;ient cause for setting aside.a verdict.” Wells vs Phelps, IV. Bibb, 563.
Appellate court is more inclined to sustain a judgment granting, than one overruling a new trial.
When a motion for new trial is overruled. the judgment wilt not be reversed, unless it be clearly v shewn that complaing party has made out a good cause. conformably ^resTibecfin auch cases, But when new etTth8 ^rjnt me’nt wiTl not be reversed, unless it apFy'that'there ■wasno ¡jo0'! reason for the tmléastherer be some rea-sonforappre-■ustice^vas* not eventualty administer-c<^'-
*523 It is somewhat diffit ult to sustain this affidavit, when tested by the foregoing rules.
The witnesses are not distinctly disclosed. Bird Price and others, is indefinite.
The affidavit does not shew that the new testimony would apply to facts, which were not in issue, or tfhich had not been contested on ihe trial.
It does not shew, satisfactorily, that Price could not, by the exercise of proper diligence, have ascertained all the facts, and by whom he could prove them.
For these reasons, if the circuit court had overruled the motion, this court would not have been in»dined to disturb its decision.
But there is a material and obvious distinction, in the grounds which will require the reversal of a judgment, overruling, and one granting a new trial. By granting a new trial, the case is only kept open for another trial, on the merits; and in that trial, each party has equal chance for justice. But, by overruling a motion for a new trial, the unsuccessful party is concluded, and. may. be subjected to irretrievable loss, and irreparable injustice.
Therefore, this court will he more inclined to sustain.a judgment granting, than.one overruling a new trial.
When the motionis overruled,the judgment will not be reversed, unless it had been clearly shewn that the complaining parly had made out a good cause, conformably to,the rules prescribed in such cases.
When the new trial is granted, this court will not feel itself bound to reverse the judgment, unless it appears plainly that there was no good reason for the new trial, or unless there be some reason for apprehending that justice was not eventually administered.
Now, in this case, the action being assumpsit, and the issue being non-assumpsit, this court cannot know what particular facts were contested on the trial; nor what was the character or extent of the evidence.
Chinn, for plaintiff:- Crittenden and Combs* for defendant.
The circuit judge was informed on these points, and we should presume that his knowledge was such as to convince him that the facts, disclosed in ihe affidavit, had not been tried; or that proof had not been intr°duced in relation to them. Although the affidavit does not shew clearly, that all these facts were not tried, it does not shew that they were. If the court had overruled the motion, we might not reverse its judgment, because the applicant had not brought his application strictly within the rules of law; and we Would not only not presume that farts existed in the knowledge of the circuit judge which, if they appeared in .'he record, would have required a new (rial; but we ought to presume the reverse, in support of dec>si°n- -As the affidavit does not shew that the facts which it discloses, were known or investigated before the trial; and as there is nothing in the na-*ure ^ *SiUes which necessarily establishes this conclusion; and as the last verdict is such as should have been expected, if Price wa> really entitled to a new trial, and, therefore, tends to evince his right to another trial, we will not suppose that he was not entitled to it. And in coming to this conclusion, we are sustained by the case of Guthrie et al. vs Bogart, I. Marshall, 335: and by that of Gardner el al. vs» Laird, V111. Johnson, 381: and by that ot Curry et al vs Tibbs’ heirs, V. Monroe, 440.
It is not shewn in this case, that the court abused its discretion: and it would seem probable that the new trial was necessary to justice, between the parties.
Wherefore, as it does not appear that the new tria! was improperly granted; nor that injustice has resulted from it, the judgment of the circuit court is affirmed.